Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
CONCEPCION DE MARIA HERRADOR LANDAVERDE and AMISADAI PAULA ALEJANDRA AGUILAR HERRADOR, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

DELI GROCERY GOD BLESS YOU, INC., and CESAR G VELASQUEZ PONCIO, as an individual,

Defendants.
-------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, **CONCEPCION DE MARIA HERRADOR LANDAVERDE and AMISADAI PAULA ALEJANDRA AGUILAR HERRADOR**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **DELI GROCERY GOD BLESS YOU, INC., and CESAR G VELASQUEZ PONCIO, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **DELI GROCERY GOD BLESS YOU, INC.** located at 6210 20th Avenue, Brooklyn, New York 11204 and 8010 20th Avenue, Brooklyn, New York 11214.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiffs*

7. Plaintiff **CONCEPCION DE MARIA HERRADOR LANDAVERDE**, residing in Brooklyn, New York, was employed by Defendants at DELI GROCERY GOD BLESS YOU, INC. from in or around May 2023 until in or around June 2026.

8. Plaintiff **AMISADAI PAULA ALEJANDRA AGUILAR HERRADOR**, residing in Brooklyn New York, was employed by Defendants at DELI GROCERY GOD BLESS YOU, INC. from in or around November 2023 until in or around June 2026.

### *The Corporate Defendant*

### DELI GROCERY GOD BLESS YOU, INC.

9. Defendant DELI GROCERY GOD BLESS YOU, INC. is a domestic business corporation, organized under the laws of the State of New York with a principal executive office and service of process address at 6210 20th Avenue, Brooklyn, New York 11204.

10. At all relevant times hereto, Defendant DELI GROCERY GOD BLESS YOU, INC. through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

11. Accordingly, at all relevant times hereto, Defendant DELI GROCERY GOD BLESS YOU, INC. was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

12. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that DELI GROCERY GOD BLESS YOU, INC., (i) has purchased and supplied goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods, equipment and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

***Individual Defendant***

**CESAR G VELASQUEZ PONCIO**

13. At all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO, owned, operated and/or controlled DELI GROCERY GOD BLESS YOU, INC.

14. At all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO was the agent of DELI GROCERY GOD BLESS YOU, INC.

15. At all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO was responsible for overseeing the daily operations of DELI GROCERY GOD BLESS YOU, INC.

16. At all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO had power and authority over all the final personnel decisions at DELI GROCERY GOD BLESS YOU, INC.

17. At all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO had power and authority over all final payroll decisions of DELI GROCERY GOD BLESS YOU, INC., including the Plaintiffs'.

18. At all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO had the exclusive final power to hire the employees of DELI GROCERY GOD BLESS YOU, INC., including the Plaintiffs.

19. At all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO had exclusive final power over the firing and terminating of the employees of DELI GROCERY GOD BLESS YOU, INC., including Plaintiffs.

20. At all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO was responsible for determining, establishing, and paying the wages of all employees of DELI GROCERY GOD BLESS YOU, INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

21. Accordingly, at all relevant times hereto, Defendant CESAR G VELASQUEZ PONCIO was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

### CONCEPCION DE MARIA HERRADOR LANDAVERDE

22. Plaintiff CONCEPCION DE MARIA HERRADOR LANDAVERDE was employed by Defendants as a cook, responsible for cooking, preparing ingredients, washing dishes, assisting customers, cleaning the work area, while performing related miscellaneous duties for the Defendants at stores located at 6210 20th Avenue, Brooklyn, New York 11204, and at 8010 20 Avenue, Brooklyn, New York 11214.

23. Plaintiff was employed by Defendants from in or around May 2023 until in or around June 2026.

24. Plaintiff regularly worked approximately six (6) days per week from in or around May 2023 until in or around June 2026.

25. Plaintiff regularly worked approximately ten (10) hours per day from in or around May 2023 until in or around June 2026.

26. Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around May 2023 until in or around June 2026.

27. Plaintiff was paid by Defendants a flat weekly rate of approximately $550.00 per week from in or around May 2023 until in or around December 2023; a flat weekly rate of approximately $600.00 per week from in or around January 2024 until in or around

December 2024; a flat weekly rate of approximately $700.00 per week from in or around January 2025 until in or around December 2025; and a flat weekly rate of approximately $800.00 per week from in or around January 2026 until in or around June 2026.

28. Plaintiff was paid primarily in cash.

29. Although Plaintiff worked approximately sixty (60) hours per week from in or around May 2023 until in or around June 2026, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

30. Moreover, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all her hours worked from in or around May 2023 until in or around December 2024, a blatant violation of the minimum wage provisions contained in the NYLL.

31. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

32. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

33. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

34. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have received for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

35. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

**AMISADAI PAULA ALEJANDRA AGUILAR HERRADOR**

36. Plaintiff AMISADAI PAULA ALEJANDRA AGUILAR HERRADOR was employed by Defendants as a kitchen helper, responsible for assisting with food preparation, cooking, washing dishes, cleaning, providing customer service, operating the cash register, while performing related miscellaneous duties for the Defendants at the store located 6210 20th Avenue, Brooklyn, New York 11204.

37. Plaintiff was employed by Defendants from in or around November 2023 until in or around June 2026.

38. Plaintiff regularly worked approximately six (6) days per week from in or around November 2023 until in or around June 2026.

39. Plaintiff regularly worked approximately ten (10) hours per day from in or around November 2023 until in or around June 2026.

40. Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around November 2023 until in or around June 2026.

41. Plaintiff was paid by Defendants a flat weekly rate of approximately $500.00 per week from in or around November 2023 until in or around December 2023; a flat weekly rate of approximately $600.00 per week from in or around January 2024 until in or around December 2024; a flat weekly rate of approximately $700.00 per week from in or around January 2025 until in or around June 2026;

42. Plaintiff was primarily paid by Defendants in cash, by check, or via Zelle.

43. Although Plaintiff worked approximately sixty (60) hours per week from in or around November 2023 until in or around June 2026, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

44. Moreover, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all her hours worked from in or around November 2023 until in or around December 2024, a blatant violation of the minimum wage provisions contained in the NYLL.

45. Plaintiff was primarily paid by Defendants on a weekly basis.

46. However, from in or around November 2025 until in or around June 2026, Plaintiff was paid on a bi-weekly basis. As such, Defendants failed to timely and properly pay Plaintiff,

a manual worker, on a weekly basis, thereby violating the frequency-of-pay requirements of NYLL § 191.

47. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

48. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

49. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

50. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have received for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

51. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

53. Collective Class: All persons who are or have been employed by the Defendants as cooks, kitchen helpers, assistants, cleaners or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have

been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

54. Upon information and belief, Defendants employed approximately 15 or more employees within the past three years subjected to similar payment structures.

55. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

56. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate overtime and wage compensation

57. Defendants' unlawful conduct has been widespread, repeated, and consistent.

58. Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and wages.

59. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

60. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

61. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

62. The claims of Plaintiffs are typical of the claims of the putative class.

63. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

64. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**

**Overtime Wages Under The Fair Labor Standards Act**

65. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

66. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

67. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

68. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

69. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

70. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

71. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**

**Overtime Wages Under New York Labor Law**

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

74. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

75. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

76. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

77. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

78. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

79. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

80. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

81. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

82. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

83. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

84. Defendants willfully violated the rights of Plaintiffs by failing to pay their wages owed on a weekly basis in which their wages were earned, in violation of New York Labor Law § 191.

85. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

86. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## FIFTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

89. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

90. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

92. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid minimum wages;

d. Awarding Plaintiff AMISADAI PAULA ALEJANDRA AGUILAR HERRADOR's liquidated damages for Defendants' failure to timely pay Plaintiffs' wages;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: November 9, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CONCEPCION DE MARIA HERRADOR LANDAVERDE and AMISADAI PAULA ALEJANDRA AGUILAR HERRADOR, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

DELI GROCERY GOD BLESS YOU, INC., and CESAR G VELASQUEZ PONCIO, as an individual,

Defendants.

---

**COLLECTIVE ACTION COMPLAINT**

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

To:
*via Secretary of State service:*
**DELI GROCERY GOD BLESS YOU, INC. (DOS ID: 6436822)**
6210 20th Ave. Brooklyn, New York 11204

*via Personal service:*
**DELI GROCERY GOD BLESS YOU, INC.**
8010 20th Ave. Brooklyn, New York 11214

**CESAR G VELASQUEZ PONCIO**
8010 20th Ave. Brooklyn, New York 11214

1126 60th St Fl 2, Brooklyn, New York 11219